### IN THE

# SUPREME COURT OF THE STATE OF GEORGIA

## AT ATHENS,

## MAY TERM, 1858.

Present—JOSEPH H LUMPKIN,
CHARLES. J. McDONALD, } Judges.
HENRY L. BENNING,

---

NANCY BONDS, plaintiff in error, vs. ALLEN, Justice, administrator, &c., defendant in error.

The Act of 1856, *Pamphlet* 148, pointing out the mode of ascertaining the relief and support to which widows and orphans are entitled out of the estate of their deceased husbands and parents, &c., does not supersede or repeal the Act of 1850, *Cobb* 297, allowing one hundred dollars worth of a deceased insolvent's effects, for the welfare and comfort of his family.

From Jackson county. Decided by Judge HUTCHINS, February Term, 1858.

This case came on in the Court below, upon an appeal from the Court of Ordinary of Jackson county, upon the petition of Nancy Bonds, as widow, to be allowed the sum of $100 out of the estate of her deceased husband, under the Act of the Legislature of the 23d of February, 1850, such estate being insolvent.

Upon the trial, it was admitted that the estate was insol-vent, and that there were many debts which would remain unpaid. It was also admitted that the widow had previous-ly applied to the Ordinary, and that he had appointed ap-praisers, who under the Act of the 19th of February, 1856, had set apart, from the estate, property, and effects, sufficient for the ample and liberal support of the widow and children, and also sufficient furniture for their use and comfort, and had returned a schedule of the same according to the Act.

The Court below, reversed the judgment of the Ordinary, deciding that the widow was not entitled *to the $100 worth* of property under the Act of 1850, that Act having been re-pealed or superseded by the Act of 1856, which provides for the support and maintenance of the widow and children, out of insolvent as well as solvent estates, represented by exe-cutors or administrators, and secures the property and effects set apart for that purpose, from levy and sale for the debts of the deceased.

To this decision, the widow filed her bill of exceptions as-signing the same as error.

PITTMAN & HULL, for the plaintiff in error.

THURMOND, *contra*.

*By the Court.*—LUMPKIN J. delivering the opinion.

There is but a single question in this case, and that is, whether the one hundred dollars worth of a deceased insol-vent's effects, allowed to the family, by the Act of 1850, *Cobb* 297, is taken away by the Act of 1856? *Pamphlet* 148.

We have examined the two statutes carefully, and we are unable to discover any conflict between them, so as to make the latter operate as a repeal of the former, by necessary im-plication. It is not pretended that it is a case of express re-peal.

The first Act passed upon this subject, was in 1838, *Cobb* 296. That Act purported to be as it was, for the relief and support of widows and orphans out of the estates of their deceased husband and parents. Then follow two Acts, passed in 1850, upon the same subject; the one dated the 22d and the other the 23d of February, of that year. The Act allowing the one hundred dollars is last in point of time. And it is declared in the 3d section of that Act, that nothing contained in it shall be so construed as to take from widows and orphans any property and rights then allowed to them by law. *Cobb* 298.

And why I ask, should the Act of 1856, be so construed as to take from widows and orphans any property or right theretofore allowed them by law? That is to say, to take from them the one hundred dollars previously allowed by the Act of 1850? But furthermore, does not purport, like its predecessors, to provide for the maintenance of widows and orphans. It is an Act merely " *to point out the mode* of ascertaining the relief to which widows and orphans are entitled, out of the estates of their deceased husbands and parents, *in cases where letters testamentary or of administration shall thereafter be granted,* and for other purposes."

Thus it will be perceived, that the main object of the law was to provide a remedy for a case not covered by the previous legislation upon this subject. And while I adhere to the opinion uniformly maintained by this Court, that the general words, "and for other purposes," are sufficiently broad to authorize any alteration of the existing laws, yet it is apparent from reading the Act, that no such change was contemplated as that contended for by the learned counsel for the defendant in error in this case.

And this reminds me that I owe an explanation to the counsel, who argued the case of the *Bibb County Loan Association vs. Richards,* 21 *Ga. Rep.* 592. The only constitutional question I considered in my opinion in that case, was, whether an Act of the Legislature incorporating that

association, by their Constitution and by-laws, without the same being embodied in the Act, was valid? And if the point was made by the distinguished counsel who argued that case in behalf of the defendant in error, that the Act was void, because the words in the title " and for other purposes," were not a compliance with the Constitution of the State, which forbids any law or ordinance to pass containing any matter *different* from what is expressed in the title, it wholly escaped my notice. I find no such proposition upon the brief; and I take it for granted, that no such objection was made. It had been too long settled to be considered an open question in this Court.

One word in conclusion, and I am done with this case. In favor of the families of insolvent debtors, as well as in kindness to poor debtors themselves, the Legislature are from time to time making provision. Every few years they add something to the stock to be saved from the wreck, whether the policy be wise or not, it does not become me to express an opinion. It is enough for the Court to know, that such is the manifest will of the people, as declared from time to time, through their representatives, and it is our duty to carry out these enactments in the spirit in which they were made.

Judgment reversed.